C/o RICHARD G. MARTINEZ
1901 LOS FELIZ DR APT201
THOUSAND OAKS, CA 91362
805-665-7598

## UNITED STATES FEDERAL COURT
## DISTRICT NINE OF ARIZONA

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 25 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

RICHARD and GLORIA MARTINEZ,
FAMILY TRUST, *PLAINTIFF*
RICHARD MARTINEZ, Trustee & Plaintiff Pro Se
1901 Los Feliz Drive, Apt 201
Thousand Oaks, California 91362-5500
Telephone Number  805-665-7598

CV-14-613-PHX-SPL

Civil Action No. _____

RICHARD G. MARTINEZ, a widower.

    Plaintiff,

v.

STATE OF ARIZONA
SUPERIOR COURT MARICOPA COUNTY;
SCI ARIZONA FUNERAL SERVICE dba
MELCHER'S MISSION CHAPEL and
GREEN ACRES CREMATORIUM;
HOWARD BIEMECK .Sr. a funeral director
at MELCHERS; JOHN C. LINCOLN
HEALTH NETWORK; DONOR NETWORK
OF ARIZONA;  MILUSE VITKOVA  M.D.
and her husband JIRI VITEK; LARRY
POHORILY and his wife LESLIE POHORILY;
AUTOPSY SERVICES INC.;  BRIAN
WARNOCK of WARNOCK MACKINLAY
Assoc.; THOMAS J BAKKER, and SARAH
SATO-BROWN of OLSON, JANTSCH &
BAKKER, PA; CARRIE M FRANCIS &
LONNEY J WILLIAMS of QUARLES &
BRADY LLP; JOHN DOE & MARY DOE I-V;
BLACK CORPORATIONS I-V; and WHITE
PARTNERSHIPS I-V; AS IDENTIFIED
DURING DISCOVERY and TRIAL.

    Defendants.

<u>CIVIL COMPLAINT</u>

**NON-MOTOR VEHICLE TORT;**

**COLLUSION, PROTECTING THE
ILLEGAL TISSUE AND BODY
PARTS HARVESTING &
RACKETEERING INDUSTRY
OF ARIZONA**

**DAMAGES CAUSED BY
VIOLATION OF PLAINTIFF's
CONSTITUTIONAL RIGHT
FOR A TRIAL BY JURY;**
*MOVE FOR A TRIAL BY JURY*
**DAMAGES CAUSED BY
CONSPIRACY TO COMMIT
FRAUD, and CONSPIRACY TO
ILLEGALLY HARVEST GM's
TISSUE AND BODY PARTS;**

**VIOLATION OF FEDERAL AND
STATE LAWS ON HUMAN
BODY HARVESTING;**

**TRANSPORTATION OF FALSE
CREMATION REMAINS
ACROSS STATE LINES;**

**BREACH OF FIDUCIARY DUTY;**

**MOTION FOR DAMAGES AND
PUNITIVE DAMAGES  CAUSED
BY ABOVE ACTIONS.**

**I.**    Pursuant to the Rules of the Arizona Sunshine Act, Plaintiff, the Richard and Gloria

Martinez Family Trust, hereby files Complaints against the Defendants and MOVES for a

Trial by Jury.  Plaintiff reserves the right to amend this civil complaint, as required by

professional Council.

The Motion is made that this Case be continued for 60 days in Discovery to allow

Plaintiff to recover evidence that was previously filed with Superior Court of Arizona.

**II.**    All evidence cited in this Complaint has come about from responses to Depositions,

Requests for Production, Defendant responses to Complaints, Interrogatories, Subpoenas and

Evidence in the Public Domain.   The Complaints are an outgrowth of these acts as evidenced,

by both the State of Arizona and Federal Courts that have ruled that because of  a tort that is

hidden by conspiracy, time starts to toll upon discovery of the conspiracy and not when the

torts were committed..   The damages done by these torts of Fraud and Illegal Body Harvesting

hidden by conspiracy have <u>never </u>been discussed in Court.

**III.**    The following is a partial list of rulings that allow torts for damages hidden by

conspiracy to be filed within two years of discovery of the conspiracy.

**D.Ariz.1998**  Under federal law, cause of action accrues at time plaintiff knew, or

should have known, of defendant's wrong doing, and can successfully maintain suit

in district court.     Under Arizona law, "discovery rule" provides that plaintiff's cause

of action does not accrue until plaintiff knows or, in exercise of reasonable diligence,

should know facts, underlying cause; important inquiry in applying rule is whether

plaintiff's injury or conduct causing injury is difficult for plaintiff to detect.

A.R.S.  12-821.01, subd. B.  Doe v. Garcia, 5 F.Supp,2d 767.

**Ariz. 1998.**  Under the "discovery rule", cause of action does not accrue until the

2

plaintiff knows or with reasonable diligence should  the facts underlying the cause

Doe v. Roe, 955 P.2d 951, 191 Ariz. 313

**Ariz.App. Div.1 2007.**   To establish liability on the basis of conspiracy, a plaintiff

must show by clear and convincing evidence that the defendant and at least one other

person agreed to accomplish an unlawful purpose or a lawful purpose by unlawful

means, and accomplish the underlying tort, which in turn caused damages.

Dawson v. Withycombe, 163 P.3d 1034, 216 Ariz. 84

**IV.**       Plaintiff will offer prove that Federal Laws were broken and that the State of

Arizona Courts and Defense Attorneys acted in concert to protect unauthorized and illegal

tissue and body parts harvesters, as well as the Causes of Action they exercised.   All accused

Defendants are tied together to the complaints of illegal tissue and body parts harvesting and

racketeering by their actions, they must be tried together to reveal the full conspiracy that

took place in their defense of  a conspiracy that took place through their actions, knowingly

or unknowingly.  Plaintiff's evidence <u>has never</u> been discussed in a trial court.

**IV.**                              <u>**JURISDICTION**</u>

**1.**      Plaintiff  Trustee, **Richard G. Martinez**, was at all times relevant hereto, a resident of

Maricopa County, Arizona.   Plaintiff is the surviving spouse of, **Gloria Martinez** (GM).

All events occurred due to actions by Maricopa County Arizona entities at the relevant time.

**2.**      Defendant, **SCI, Arizona Funeral Services, Inc.,  (SCI),** an  Arizona corporation,

was at all times relevant to this complaint.   **SCI** was doing business as **Melcher's Mission**

**Chapel, (SCI/M), and Green Acres Mortuary and Crematory (SCI/GA)** in Maricopa

County Arizona, during the relevant time.

3.    **Howard Biemeck, Sr.** was a Funeral Director at **SCI/M** in Mesa, Arizona, during the relevant time.

4.    **John C. Lincoln Health Network, dba John C. Lincoln Hospital (JCL)** is a Maricopa County entity and was conducting its business during the relevant time.

5.    **Donor Network of Arizona (DNA)** is a Maricopa County business entity and was conducting business during the relevant time.

6.    **Brian Warnock of Warnock, MacKinlay and Associates** a Maricopa County business entity was conducting business at the relevant time.

7.    **Thomas J. Bakker and Sara Sato-Brown of Olson, Jantsch and Bakker, P.A.,** were employed in a Maricopa County business entity at the relevant time.  Both defendants will be referred to as Bakker.

8.    **Miluse Vitkova, M.D** a pathologist, was practicing in Maricopa County during all times relevant to this Complaint, Jiri Vitek, was Dr. Vitkova's husband during all relevant times, and all actions taken by Dr. Vitkova were made on behalf of herself, and their marital community.  Both defendants will be referred to, as Vitkova.

9.    Defendant, **Larry Pohorily, (Pohorily),** was a resident of Maricopa County Arizona at all times relevant to this Complaint.   Defendant Leslie Pohorily, was Pohorily's wife during all relevant times, and all actions taken by Pohorily were made on behalf of himself and their marital community. Both defendants will be referred to as Pohorily.

10.    Defendant, **Autopsy Services, Inc.,** a fraudulent company, was operating in Maricopa County, as an unlicensed partnership umbrella of **Dr. Vitkova** and **Pohorily** for the purpose of capturing autopsy and body parts harvesting business during the relevant

4

times.   Pohorily was an employee, agent or partner of Dr. Vitkova, in Autopsy Services, Inc., and she is jointly and severally or vicariously liable for his actions.   Alternatively, Dr. Vitkova, was an employee, agent or partner of Pohorily in Autopsy Services, Inc., and he is jointly or severally liable for her actions.  Autopsy Services will be referred to as ASI.

11. Defendants, **John Doe & Mary Doe I-V, Black Corporations I-V and White Partnerships I-V** are entities doing business in Maricopa County at the relevant time and Plaintiff reserves the right to include them as Defendants when identified  .

12.  Defendant, **Superior Court of Arizona** is a government entity in Mariposa County of Arizona.

13.  Defendants  **Carrie M. Francis & Lonnie J. Williams** of **QUARLES & BRADY,  L.L.P.** were conducting business in Maricopa County at the relevant time.

VI.                              **CAUSES OF ACTION**

**First Complaint**

**COLLUSION, PROTECTING THE ILLEGAL TISSUE AND BODY PARTS HARVESTING AND RACKETEERING INDUSTRY IN ARIZONA;**

**Defendants -**   State of Arizona- Trial Courts in the relevant Cases of Superior Court of
                   Maricopa County;

**Elements--**   Court actions.

**Second Complaint**

**VIOLATION 0F PLAINTIFF'S RIGHT FOR A TRIAL BY JURY;**

**Defendants -**  State of Arizona Superior Court Trial Courts in the relevant Cases

**Elements**: The Constitution of the United States, AMENDMENTs  VII, and  XIV
             Section 1, and MOTIONs made and ignored by the State Courts.

5

### Third Complaint

**DAMAGES CAUSED BY CONSPIRACY TO COMMIT FRAUD**

**Defendants -** SCI Arizona Funeral Services Inc, dba Melchers Mission Chapel and Green

Acres Crematorium; Howard Biemeck Sr.; Miluse Vitkova M.D. and her

husband Jiri Vitek; Larry Pohorily and his wife Leslie Pohorily; Autopsy

Services Inc.; Carrie M. Francis & Lonnie J. Williams of Quarles and Brady;

Brian Warnock of Warnock, MacKinlay and Associates.

**Elements--** Defendants actions.

("For a civil conspiracy to occur two or more people must agree to

accomplish an unlawful purpose or to accomplish an unlawful objective by

unlawful means, causing damages." (Bakker v. Steward Title and Trust of

Phoenix, 197 Ariz. 200, P 20.)

"A conspiracy may be established by circumstantial evidence through the

nature of the acts, the relationship of the parties, the interest of the parties, or

other circumstances." (Mohave Elec. Corp., Inc. v Byers, 189 Ariz. 292, 306,

942, P.2d 451(App.1997)

"To establish liability on the basis of Conspiracy, a plaintiff must show by

clear and convincing evidence that the defendant and at least one other

person agreed to accomplish an unlawful purpose or a lawful purpose by

unlawful means, and accomplish the underlying tort, which in turn caused

damages." (Wells Fargo, 291 Ariz. at 498-99, pp-100, P.3D at 36-37.)

"The elements of actionable conversion or fraud are a representation that is

false or ignorant of the truth, the intent that it should be acted on by the

person hearing it and in the manner contemplated, the hearers ignorance of

its falsity, his reliance on the truth, his right to rely thereon, and his

consequent and proximate injury." (RICE v. TISSAN, 57 Ariz.230 (1941)

## Fourth Complaint

### DAMAGES CAUSED BY CONSPIRACY TO ILLEGALLY HARVEST

### "GM's TISSUE AND BODY PARTS

**Defendants--**   SCI Arizona Funeral Services Inc, dba Melchers Mission Chapel and Green

Acres Crematorium; Howard Biemeck Sr.; Miluse Vitkova M.D;

Larry Pohorily; Autopsy Services Inc; John C. Lincoln Health Network;

Donor Network of Arizona; Thomas J Bakker and Sarah Sato-Brown of

Olson, Jantsch & Bakker  P.A.; Brian Warnock of Warnock MacKinlay

& Assoc.; Carrie M. Francis and Lonnie J. Williams of Quarles &

Brady LLP;

**Elements--**   Defendants actions.

## Fifth Complaint

### VIOLATION OF FEDERAL AND STATE LAWS ON
### ILLEGAL BODY HARVESTING

**Defendants** – John C Lincoln Health Network; Miluse Vitkova M.D.; Larry Pohorily;

Autopsy Services Inc**. ;** and Donor Network of Arizona.

**Elements--**   Federal and State Laws

**ACROSS STATE LINES**

**Defendants** – SCI Green Acres Crematory; SCI Melcher's Mission Chapel; and

Brian Warnock of Warnock, Mackinlay and Associates.

**Elements -- Federal laws.**

### Seventh Complaint

**DAMAGES CAUSED BY BREACH OF FIDUCIARY DUTIES**

**Defendants --** Superior Courts of Maricopa County; SCI Arizona Funeral Services,

dba Melcher's Mission Chapel and Green Acres Crematory;  Miluse

Vitkova M.D.;  Brian Warnock of Warnock of MacKinlay & Associates;

John C. Lincoln Health Network; and Donor Network of Arizona .

**Elements — Will be proven for each defendant.**

### Eighth Complaint

**MOTION FOR DAMAGES AND PUNITIVE DAMAGES
CAUSED BY ABOVE COMPLAINTS**

**Defendants-**   As listed above for each complaint.

**VII.**                                        **HISTORY**

a)   The Charge of Conspiracy originated with the discovery by Plaintiff of the illegal

tissue and body parts harvesting that was rampant in the Phoenix area and was discovered

during previous Cases . These Causes of Action are against entities and individuals involved in

the illegal body parts and tissue harvesting industry in the Phoenix area of Arizona.

b)    The Causes of Action, " *Damages Caused by Conspiracy to Commit Fraud"  and*

*"Damages Caused by Conspiracy to Illegally Harvest Tissue and Body Parts"* reached full

diligence to Plaintiff after receiving a copy of Dr. Vitkova's testimony before the Arizona

Medical Board during the discovery phase of Case No. CV 2004-014790. The Arizona Medical Board's Report of July 22, 2006 on Miluse Vitkova's testimony provided proof that a conspiracy had taken place and allowed Plaintiff his first opportunity to file the charges of Conspiracy.

     c)   Following the discovery of evidence that allowed Plaintiff to file his discovery of conspiracy between all parties, Plaintiff experienced a concerted effort by the courts to ignore and deny his conspiracy discovery and deny him his constitutional rights to a Trial by Jury. His case was skillfully separated and not discussed or considered as a whole by the Trial and Appeal Courts. Their Judgments reflect the fact that Plaintiffs <u>evidence filed was not ever considered.</u>

     d)  Attempts by Plaintiff to move his Case into the charge of the conspiracy that had been discovered were skillfully avoided or denied in all cases including, Cases CV2004-014790 CV2005-007237, CV2007-023537 and CV2008-012287. The evidence will show that with the exception of Judge Peter Reinstein the Courts worked in concert to deny the existence of the illegal body harvesting that was occurring in Arizona. The charges of conspiracy were repeatedly not allowed to be <u>entered</u>, <u>heard</u>, or <u>tried</u> as were the <u>Motions for a Trial by Jury.</u> Plaintiff's filed evidence, was <u>never ever discussed in a trial court</u>.

     e)   This information of illegal activity will be discussed in detail and will justify Plaintiff's right to exercise, with reasonable diligence, his right to file this Complaint. All evidence cited has come from notarized Requests for Production, Interrogatories, Depositions, Subpoenas and evidence in the Public Domain. The Conspiracy complaints are an outgrowth of these acts as evidenced and were originally filed within the rulings of time limitation for Conspiracy as allowed by both the State of Arizona and Federal Courts.

**VIII.**                                   **DAMAGES**

  *As a direct and proximate result of the Defendants Conspiracy to Commit Fraud, their Fiduciary Failures and actions as a result of their wanton and callous action to illegally harvest the tissue and body parts of Gloria, Plaintiff prays for a Judgment against the Defendants that considers the cumulative mental effect of their actions on the extended family of Gloria as well as the loss of a mentally peaceful life by Plaintiff in his advanced senior years as he has continually sought justice for his beloved wife, his family and himself.  Punitive damages are warranted from each Defendant severally and jointly in accordance with the evidence presented at trial.*

  *Richard continues to suffer from the result of Defendants intentional breach of Fiduciary duties by not obtaining the knowledge he had requested and paid for as to the cause of his wife's death.  As his beloved wife and companion has been cremated, he will never know the answers to the questions he and his family were seeking when he hired Dr. Vitkova to perform the autopsy at Mr. Biemeck's recommendation.. The questions he needed answers to were questions that could affect his son and daughters life's.*

  *Plaintiff is left in the mentally troubling condition of knowing that his wife entire body was not cremated.  The location of all of her harvested tissue, body parts and organs is unknown, and the unanswerable question of whose ashes other than his wife's are in her Urn that will forever haunt our family.  Plaintiff's long harbored desire to have his beloved 'GM's remains interned with his is no longer possible.*

  *Plaintiff and his family have been left with an ache in their hearts of not knowing who they are honoring at her place of internment.  To this day, my son and daughter's cannot discuss their mothers situation..  It is not fair that a mind, heart and life so lovingly*

*lived should have ended so tragically.  It has lastingly affected our family's peace of mind and inability to bring closure to our sweetheart's death.*

*All of these items, together, have caused continued stress, pain, mental anguish and financial suffering, over this prolonged period of time, the value of which will be determined by a jury.  Plaintiff prays for damages suffered and for punitive damages.*

**RESPECTFULLY SUBMITTED to the 9TH DISTRICT FEDERAL COURT, at Phoenix, Arizona**, this date, March 20, 2014, by the undersigned,

Richard G. Martinez
Plaintiff Pro Se and Family Trust
Trustee

11